United States District Court
Southern District of Texas
FILED

SEP 1 4 2001

Michael N. Milby
Clerk of Court

UNITED STATED DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

RAFAEL MARTINEZ                     §
                                    §
                                    §
                                    §          **B - 0 1 - 155**
                                    §
V.                                  §     CIVIL ACTION NO. _____
                                    §
                                    §
STATE OF TEXAS, DAVID FORREST, §
and WACKENHUT CORRECTIONS    §
CORPORATION                         §

## NOTICE OF REMOVAL

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN
DISTRICT OF TEXAS, BROWNSVILLE DIVISION:

PLEASE TAKE NOTICE that Defendants David Forrest and Wackenhut Corrections

Corporation ("Forrest and WCC") hereby remove to this Court the state court action

described below. In support thereof, Forrest and WCC would respectfully show this Court

as follows:

### I. BACKGROUND

1.      On August 10, 2001, an action was commenced in the 197th Judicial District

Court in and for Willacy County, Texas, entitled *Rafael Martinez v. State of Texas, David*

*Forrest and Wackenhut Corrections Corporation*, as cause number 01-266.

2.      The first date upon which the Defendant received notice of Plaintiffs' Original

Petition was August 15, 2001, when Defendants WCC and Defendant Forrest received

service of process of Plaintiff's Original Petition. Defendant WCC received notice through

its registered agent for service of process.

3.     Defendants Forrest and WCC filed their Original Answer on September 10, 2001.

4.     No other proceedings have been held or documents filed in the state court action. Less than one (1) year has passed since this lawsuit was originally filed. This notice of removal is filed with this Court within thirty (30) days after Defendants Forrest and WCC received notice of Plaintiff's Original Petition. Therefore, this removal is timely pursuant to 28 U.S.C. § 1446(b). Written notice of the filing of this Notice of Removal is being given to all parties who have appeared pursuant to the Certificate of Service attached.

## II. GROUNDS FOR REMOVAL

5.     WCC is a Florida corporation which is under contract with the Texas Department of Criminal Justice to operate the Willacy State Jail in Raymondville, Texas. The jail is operated under the policies and procedures of the Texas Department of Criminal Justice. Defendant Forrest is the Senior Warden at the Willacy State Jail.

6.     At all times relevant to the allegations in Plaintiff's Original Petition, the Plaintiff was a convicted felon confined in the Willacy State Jail. Plaintiff alleges that on March 27, 2000, he was working with a repair crew at the Willacy State Jail and was called to perform a plumbing repair in a contained area where other inmates were being held in a "lock down." Plaintiff claims that prior to entering the area he asked his supervisor, as well as Defendant Forrest, if he could stay behind and his request was allegedly denied. Thereafter, Plaintiff claims he was attacked by several of the inmates in the "lock down"

area. Plaintiff further claims that insufficient intervention was attempted by the employees of WCC and there was a delay in transporting him for medical care.

7.     Plaintiff claims he sustained injuries as a result of Defendant Forrest and WCC's negligence and further, that Defendants Forrest and WCC are liable pursuant to 42 U.S.C. § 1983. Plaintiff alleges Defendants Forrest and WCC violated his 8th Amendment Rights by subjecting him to cruel and unusual punishment and further that they violated his 14th Amendment Due Process Rights and 6th Amendment Rights by allegedly interfering with the assistance of his counsel.

8.     Since Plaintiff alleged Defendants Forrest and WCC are liable pursuant to 42 U.S.C. § 1983 for violating his constitutional rights, this Court has jurisdiction over this civil action under 28 U.S.C. §§ 1331 and 28 U.S.C. § 1343(3). Defendants WCC and Forrest may remove this action to federal court pursuant to 28 U.S.C. § 1441(b) which provides in part:

> Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the constitution...or laws if the United States shall be removable without regard to the citizenship or residence of the parties.

9.     A federal district has original jurisdiction over claims brought pursuant to 42 U.S.C. § 1983 by virtue of 28 U.S.C. § 1343(3). *See also Lynch v. Household Finance Corp.,* 405 U.S. 538, 543 n. 7, 92 S.Ct. 1113, 31 L. Ed. 2d 424, (1972). Title 28 U.S.C. § 1343(3) states in pertinent part:

> (a) the district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person: . . .
> (3) To redress the deprivation, under color of any state law, statute, ordinance, regulation, custom or usage, of any right,

> privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States; . . .

10.     Despite the fact the Plaintiff also sued the State of Texas, which claims are barred by the Eleventh Amendment, the Supreme Court has held that such a case is still properly removable to federal court and that the court can decide the non-barred claims. *Wisconsin Department of Corrections v. Schacht,* 118 S.Ct. 2047, 2050 (1998).

11.     In light of the foregoing Defendants Forrest and WCC hereby file this Notice of Removal.

WHEREFORE, PREMISES CONSIDERED, Defendants, David Forrest and Wackenhut Corrections Corporation, pray that any further proceedings in this lawsuit in the 197th Judicial District Court in and for Willacy County, Texas, be discontinued and that this suit be removed to the United States District Court for the Southern District of Texas, Brownsville Division.

Respectfully submitted,

**PORTER, ROGERS, DAHLMAN & GORDON, P.C.**
One Shoreline Plaza, Suite 800
800 North Shoreline Boulevard (78401)
P. O. Box 2968
Corpus Christi, Texas  78403-2968
Telephone:  (361) 880-5835
Facsimile:  (361) 880-5844

By: _____
Linda M. Kearney, Attorney in Charge
State Bar No. 00787811
Federal ID No. 18425

**ATTORNEYS FOR DEFENDANTS DAVID
FORREST AND WACKENHUT CORRECTIONS
CORPORATION**

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing instrument was served upon the attorneys of record of all parties to the above cause in accordance with Rule 21a, Tex. R.Civ. P., on this 12th day of _Sept._____, 2001.

Jason R. Mann                                           *CERTIFIED MAIL/RRR*
222 East Van Buren, Suite 701
Harlingen, Texas 78551-0231
Telecopier: (956) 428-9494

Linda M. Kearney

UNITED STATED DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

United States District Court
Southern District of Texas
FILED

SEP 1 4 2001

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| RAFAEL MARTINEZ | § | |
| | § | |
| | § | |
| | § | **B-01-155** |
| V. | § | CIVIL ACTION NO. _____ |
| | § | |
| | § | |
| STATE OF TEXAS, DAVID FORREST, | § | |
| and WACKENHUT CORRECTIONS | § | |
| CORPORATION | § | |

## LIST OF DOCUMENTS ATTACHED TO NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1446(a) and Local Rule 3(k), Defendant Humana Health Plan

of Texas, Inc., files the following documents along with its Notice of Removal.

A.    List of all counsel of record

B.    Papers from County Court File No. 01-266

      1.    Clerk's Docket Sheet from County Court File No. 01-266

      2.    Judge's Docket Sheet from County Court File No. 01-266

      3.    Plaintiff's Original Petition

      4.    Citation for Personal Service of Defendants David Forrest and Wackenhut Corrections Corporation and Return of Service

      5.    Defendant David Forrest and Wackenhut Corrections Corporation's Original Answer

C.    Certificate of Notice of Filing Notice of Removal and copy of Notice of Removal filed in state court

D.    Certificate of Service

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

SEP 1 4 2001

Michael N. Milby
Clerk of Court

RAFAEL MARTINEZ                    §
                                   §
                                   §
                                   §
V.                                 §          CIVIL ACTION NO. _____
                                   §
                                   §
STATE OF TEXAS, DAVID FORREST,     §
and WACKENHUT CORRECTIONS          §
CORPORATION                        §

**B - 0 1 - 155**

## LIST OF COUNSEL OF RECORD

Mr. Jason R. Mann                          Attorney for Plaintiff,
**ATTORNEY AT LAW**                        **RAFAEL MARTINEZ**
Jason R. Mann
222 East Van Buren, Suite 701
Harlingen, Texas 78551-0231
Telephone: (956) 428-4114
Telecopier: (956) 428-9494


Ms. Linda M. Kearney                       Attorney for Defendants,
**PORTER, ROGERS, DAHLMAN & GORDON, P.C.** **DAVID FORREST AND**
P. O. Box 2968                             **WACKENHUT CORRECTIONS**
Corpus Christi, Texas 78403-2968           **CORPORATION**
Telephone:  (361) 880-5835
Facsimile:  (361) 880-5844


S:\Wackenhut Corporation\Martinez, Rafael\Documents\AttyList.wpd

V. 15-50% HART INFORMATION SERVICES, AUSTIN, TX • 800/223-HART ©

| Number of Case | NAMES OF PARTIES | | ATTORNEYS | | Kind of Action and Party Demanding Jury | DATE OF FILING | | |
|---|---|---|---|---|---|---|---|---|
| | | | | | | Month | Day | Year |
| 01-266 | Rafael Martinez | | J. Edward Mann, Jr. | Pltf. | Plaintiff's Original Petition | 8 | 10 | 01 |
| | | VS | Linda M. Kearney | | | Jury Fee, $ | | |
| | | | P.O. Box 2968 | | | Paid by | | |
| FEE BOOK | | | Corpus Christi, Texas 78403 | | | | | |
| Vol. | Page | State of Texas, David Forrest, and Wackenhut Corrections Corporation | 361-880-5835 | | | Jury No. | | |
| | | | | Deft. | | | | |

| OF ORDERS | | ORDERS OF COURT | | Minute Book | PROCESS |
|---|---|---|---|---|---|
| Mo | | | | Vol. | Page | |
| Day | Year | | | | |

ORDERS OF COURT

| Minute Book | | PROCESS |
|---|---|---|
| Vol. | Page | |
| | | Plaintiff's Original Petition filed 8-10-01 |
| | | Citation Issued-8-10-01-Gary Johnson |
| | | Citation Issued-8-10-01-Wackenhut Co |
| | | Citation Issued-8-10-01-David Forres |
| | | Served-8-15-01-filed 8-20-01 |
| | | Affidavit of Civil Processor filed 8 |
| | | Deft. Forrest and Wackenhut Correctio |
| | | Original Answer and Jury Demand |
| | | filed 9-10-01 |
| | | Defendant the Texas Department of Cri |
| | | Justice's Original Answer and Jury De |
| | | filed 9-12-01 |

# CIVIL DOCKET

In the 197th District Court

Case No. ___01-266___

RM 16-0008 HART INFORMATION SERVICES, AUSTIN, TX • 800/223-HART ©

| Number of Case | NAMES OF PARTIES | ATTORNEYS | Kind of Action and Party Demanding Jury | DATE OF FILING | | |
|---|---|---|---|---|---|---|
| | | | | Month | Day | Ye |
| 01-266 | Rafael Martinez | J. Edward Mann, Jr.  Pltf | Plaintiff's Original Petition | 8 | 10 | 01 |
| | VS | | | | | |
| | State of Texas, David Forrest, and Wackenhut Corrections Corporation | Linda M. Kearney  P.O. Box 2968  Corpus Christi, Texas 78403  361-880-5835  Deft. | Jury Fee, S  Paid by  Jury No. | | | |

FEE BOOK

Vol. | Page

DA  | Mo. | Day | Year

JF ORDERS

ORDERS OF COURT

| Minute Book Vol. Page | PROCESS |
|---|---|
| | Plaintiff's Priginal Petition filed 8-10-01 |
| | Citation issued-8-10-01-Gary Johnson |
| | Citation issued-8-10-01-Wackenhut Co |
| | Citation issued-8-10-01-david Forres |
| | Citation issued-8-10-01-filed 8-20-01 |
| | Affidavit of Civil Processor filed 8 served 8-15-01 |
| | Deft. Forrest and Wackenhut Correctio |
| | Original Answer and Jury Demand filed 9-10-01 |
| | Defendant the Texas Department of Cri |
| | Justice's Original Answer and Jury De filed 9-12-01 |

PRE CLMS MGMT

CAUSE NO. 01-266

| RAFAEL MARTINEZ | § | IN THE DISTRICT COURT |
| | § | |
| V. | § | WILLACY COUNTY, TEXAS |
| | § | |
| | § | |
| STATE OF TEXAS, DAVID FORREST, | § | |
| and WACKENHUT CORRECTIONS | § | |
| CORPORATION | § | 197ᵗʰ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE COURT:

Plaintiff, RAFAEL MARTINEZ, in this action complains of the STATE OF TEXAS,

DAVID FORREST, and WACKENHUT CORRECTIONS CORPORATION, Defendants in

this action, and for cause of action shows the following:

1.    Discovery in this cause of action is intended to be conducted under *level two (2)* of

the Texas Rules of Civil Procedure § 190.3.

2.    Plaintiff, RAFAEL MARTINEZ, (hereinafter sometimes referred to as "Plaintiff" or

"MARTINEZ") is an individual residing in Cameron County, Texas.

Defendant, WACKENHUT CORRECTIONS CORPORATION, (hereinafter

sometimes referred to as "WACKENHUT") is a Florida corporation which can be

served with process through registered agent The Prentice-Hall Corporation

System, Inc., at 800 Brazos, Austin, Texas 78701.

Defendant, DAVID FORREST (hereinafter sometimes referred to as "FORREST"),

is an individual who can be served at his place of employment at the Wackenhut

Corrections Facility of Raymondville, Willacy County, Texas.

Plaintiff's Original Petition - Page 1 of 12



F I L E D

AUG 10 2001
1:45

S.V. "Chago" Aguilera, Dist. Clerk, Willacy Co.
By _____ Deputy

08/31/2001 FRI 08:57 [TX/RX NO 8648]  ☑007

Defendant the STATE OF TEXAS, TEXAS DEPARTMENT OF CORRECTIONS (hereinafter sometimes referred to as "TEXAS"),  may be served with process by serving Gary Johnson, the Executive Director of the TEXAS DEPARTMENT OF CRIMINAL JUSTICE, located at Spur 59, off Hwy 75 N., P.O. Box 99, Huntsville, TX 77320-0099.

Defendants STATE OF TEXAS, DAVID FORREST, and WACKENHUT CORRECTIONS CORPORATION are hereinafter also sometimes collectively referred to as "DEFENDANTS".

3.     Venue is proper in this Court because the occurrence sued on occurred in Willacy County.

4.     At all times material, WACKENHUT was acting under a contractual relationship with the TEXAS to maintain and operate a state jail facility for and under the laws of the State of Texas and acting as an agent of the TEXAS.  All actions taken by agents, servants and employees of WACKENHUT and FORREST, as hereinafter described,  were taken on behalf of the TEXAS as if by the TEXAS. All subsequent allegations made against WACKENHUT and FORREST are made against TEXAS.

5.     At all times material, all of the agents, servants, and employees of WACKENHUT, who were in any way connected with the occurrence, were acting under color of law and within the course and scope of their employment or official duties and in furtherance of the duties of their office or employment.

6.     At all times material, FORREST, was acting under color of law and within the course and scope of his employment or official duties and in furtherance of the

Plaintiff's Original Petition - Page 2 of 12

duties of his office or employment.

7.  Prior to the filing of this lawsuit, within six months from the date of the occurrence described in this petition, Plaintiff presented notice of his claim to WACKENHUT and TEXAS and all prerequisites required by law have been met prior to filing suit. In the alternative, the TEXAS, WACKENHUT and FORREST have had actual notice of Plaintiff's claim. A true copy of the notice is attached hereto as Exhibit A and incorporated herein by reference.

8.  TEXAS, WACKENHUT and FORREST may be held to answer in a court of law through the occurrence described herein.

9.  Plaintiff re-alleges the allegations contained in paragraphs 1 through 8.

   A.  Plaintiff was being detained at the WACKENHUT, Willacy County Unit, Texas Department of Criminal Justice in Raymondville, Texas, serving a two year prison sentence. Plaintiff suffered personal injuries when he was working with the repair crew that was called in to perform a plumbing repair in a containment area "Treatment 4" of the Facility that had been converted to a "lock down" room on March 27, 2000. The inmates within this "lock down" room were at the point of riot because of a lack of hot water. The same inmates were part of a gang known as the "pistoleros," which is primarily a Hispanic gang. DEFENDANTS had actual knowledge of the violent nature of the "pistoleros" and of the danger to other Hispanic inmates which is why DEFENDANTS separated these particular inmates into this "lock down" area and why all other Hispanic inmates were moved out of

"Treatment 4", where this "lock down" was located. Additionally, the corrections officers were aware that a "gang war" among alleged gangs in the prison was in progress, which is another reason why these particular prisoners were on "lock down" status. Prior to his entering "Treatment 4" where the repair was to be performed, Plaintiff pleaded with the Maintenance Technician, JORGE AVILA (hereinafter sometimes referred to as "AVILA"), employed by DEFENDANTS, not to force him go into this area because he was afraid of the violent prisoners contained in this makeshift "lock down." Additionally, upon entering the building, AVILA, Plaintiff and Tom Engle (another inmate and member of the maintenance crew) were met by FORREST, who was exiting the building. Plaintiff again asked to stay behind, but FORREST refused Plaintiff's request and insisted that he enter the building to assist in performing the repair. As a result of FORREST'S insistence that Plaintiff accompany the crew to "Treatment 4", Plaintiff was brutally attacked, assaulted and knocked to the floor by at least five violent offenders. Plaintiff was beaten with the lock from the unsecured toolbox, as well as a laundry bag filled with hair grease cans, and other unidentified items which can be purchased by prisoners within the prison. Plaintiff was punched and kicked repeatedly by the offenders as he lay in a fetal position trying to protect himself from their blows. Additionally, Plaintiff was hit across the back with a chair from the treatment four common area. The Correctional Officers and Maintenance Technician, employed by

PRE CLMS MGMT

DEFENDANTS, fled the immediate area, locking themselves behind the safety of a steal door within the "picket" area of the Treatment building. The Correctional Officers ordered the other inmate to go to the other side of the room. These actions left Plaintiff alone and defenseless with his attackers, as the Correctional Officers, employed by DEFENDANTS, viewed the attack from inside the "picket". The only intervention that was attempted by the Correctional Officers, employed by DEFENDANTS, was yelling at Plaintiff's attackers from behind the locked door of the "picket". Eventually, a "Code Black" was called to summon DEFENDANTS' riot team. However, the riot team was called to "Housing 4" instead of "Treatment 4", resulting in the significant delay of the arrival of the riot team to the actual location of the incident. The riot team responded to "Housing 4" which is located on the West side of the compound, instead of "Treatment 4" is located on the far East side of the compound. Meanwhile, no intervention was attempted by the Correctional Officers even after the riot team failed to timely arrive. More than five minutes passed before riot officers arrived on the scene. In fact, it was not until the attackers disbursed voluntarily, upon the arrival of the Riot Team, did a Correctional Officer attempt to enter the room to assist Plaintiff to his feet.

B. As a result of the DEFENDANTS' intentional and knowing conduct and conscience indifference Plaintiff suffered severe physical injuries that warranted immediate transport to Valley Baptist Medical Center. Although,

Plaintiff's injuries were severe DEFENDANTS refused to call emergency services for transport to the hospital. Instead, Plaintiff was transported to the hospital approximately thirty minutes after the attack by DEFENDANTS' transport van accompanied by two Correctional Officers employed by DEFENDANTS. The Correctional Officers who transported Plaintiff to the hospital, with full knowledge of seriousness of Plaintiff's injuries, stopped at a convenience store in Raymondville, Texas, on route to Valley Baptist Medical Center, to purchase drinks and snacks. Plaintiff was forced wait an additional ten minutes (still bleeding from his injuries and with severe trauma to the head), in the transport van while one of the Correctional officers employed by DEFENDANTS went into the convenience store.

C.    As a result of DEFENDANTS' negligence, knowing conduct, lack of supervision of the prisoners, lack of proper training and/or supervision of the Correctional Officers employed by DEFENDANTS, and/or negligent implementation of policy, Plaintiff suffered from injuries including, but not limited to, multiple contusions to the left arm, right shoulder, posterior thorax, and lacerations to his scalp totaling 14.5 cm, nose (4cm), and left upper eyelid (4 cm) for which staples and sutures were necessary. Plaintiff also suffered from severe bruising around the kidney area. As a result of these injuries Plaintiff has been subjected to months of pain, bruising, and continues to suffer from kidney pain, frequent urination and severe headaches due to the violent blows to the head and back that he received.

In addition, Plaintiff will have permanent scarring on his scalp, face, nose and eyelid, and will continue to experience some degree of permanent pain in the areas of these injuries for the rest of his life.

D.      As a result of the lack of supervision of the prisoners, lack of proper training, and/or supervision of the Correctional Officers employed by DEFENDANTS, and/or negligent implementation of policy, neither the Maintenance Technician nor the Correctional Officers employed by DEFENDANTS, who were on duty at the time of the incident, secured the lock on the tool box, which was one of the instruments used to beat Plaintiff. Additionally, the door to the "lock down" area was not secured during the pendency of the repair which resulted in the escape of the offenders contained therein and which resulted in the attack of and bodily injury to Plaintiff.

10.     FORREST, is liable to the Plaintiff in that, after repeated requests not to enter the building, Plaintiff was ordered by FORREST to enter "treatment 4" when FORREST had personal knowledge of the eminent danger. Additionally, FORREST is liable to Plaintiff in that Plaintiff was denied prompt medical attention.

11.     WACKENHUT is liable to the Plaintiff in that:

As a result of the lack of supervision of the other prisoners, and/or lack of proper training, and/or supervision of the Correctional Officers, and/or negligent implementation of policy, Plaintiff received multiple contusions to the left arm, right shoulder, posterior thorax, and lacerations to his scalp totaling 14.5 cm, nose (4cm), and left upper eyelid (4 cm) for which staples and sutures were necessary.

Plaintiff's Original Petition - Page 7 of 12

12.    TEXAS is liable to Plaintiff in that:

As a result of the negligent contracting of WACKENHUT, failure to monitor the state jail facility to insure proper procedures were implemented, failure to insure WACKENHUT was properly training their employees, failure to insure WACKENHUT was properly supervising Correctional Officers under their employ, failure to provide adequate and proper "lock down" facilities, and/or the negligent implementation of state policy, Plaintiff received multiple injuries for which he will suffer the effects for the rest of his life.

13.    DEFENDANTS are liable to the Plaintiff in that:

a. DEFENDANTS failed to secure violent prisoners in a properly secured location;

b. DEFENDANTS failed to implement proper security procedures when conducting the repairs, by failing to secure the door of the "lock down" area;

c. DEFENDANTS failed to implement proper security procedures when conducting the repairs, by failing to secure the lock on the toolbox;

14.    Plaintiff re-alleges the allegations contained in paragraphs 1 through 13.

DEFENDANTS were negligent in the hiring, training and supervision of the Correctional Officers during the time in question, to the damage of the Plaintiff.

15.    Plaintiff re-alleges the allegations contained in paragraphs 1 through 14.

In the alternative, DEFENDANTS are further liable to the Plaintiff under 42 U.S.C. § 1983 in that they subjected Plaintiff to cruel and unusual punishment which violated Plaintiff's 8th Amendment rights.

A.    DEFENDANTS acted recklessly and indifferently by failing to protect Plaintiff from the other inmates when they had actual awareness that the inmates

were of a violent nature, at the point of riot, that Plaintiff had plead with them that these inmates would attack, and that they would attack Plaintiff in the manner described above if given any chance.

B.     DEFENDANTS created dangerous conditions by using an area of "Treatment 4" as a containment cell for extremely violent inmates, when the area used was not designed for this purpose. Such decision created an extremely dangerous condition for anyone entering said area, and constitutes cruel and unusual punishment as applied to Plaintiff.

C.     DEFENDANTS acted recklessly and indifferently by failing to immediately transport Plaintiff to the hospital in a timely fashion.

In the alternative, DEFENDANTS are further liable to Plaintiff under 42 U.S.C. § 1983 in that they violated Plaintiff's 14th Amendment due process rights and 6th Amendment rights, by interfering with the effective assistance of counsel.

A.     When Plaintiff's attorney, Jason R. Mann, attempted to meet with Plaintiff for the first time on March 30, 2000, after submitting all proper applications, he was searched, interrogated by FORREST as to the specific reason that he was meeting with his client, and only allowed to take one photograph of Plaintiff's injuries. This was done even though Mr. Mann had formally requested, in advance, a visitation of Plaintiff with a Camera. In fact, Mr. Mann's assistant spoke with Mrs. Lilly, at the facility, prior to Mr. Mann's visit to inquire as to proper protocol and whether a camera would be permitted into the visitation room to take pictures of Plaintiff's injuries. Mrs. Lilly, told

Mr. Mann's assistant that this was allowed. This was done by DEFENDANTS to limit Plaintiff's access to counsel and to destroy potential evidence of the assault described herein.

B.    Despite this first meeting, Mr. Mann arranged, through the proper methods, a second meeting with Plaintiff in April 13, 2000. Upon the second meeting with Plaintiff, Jason R. Mann was escorted by a guard to a location where more than fifty *unrestrained and unattended* inmates were being processed into the prison. The guard then left Mr. Mann unattended with the Guards and locked the door to this area, leaving a closet with a window with which to speak to Plaintiff. This was done by DEFENDANTS intentionally with the purpose of attempting to intimidate the attorney not to return to the facility, and with the purpose of attempting to prevent Plaintiff from obtaining effective assistance of counsel for the above-referenced assault.

16.    Plaintiff re-alleges the allegations contained in paragraphs 1 through 15.

The occurrence described in this petition is a direct and proximate result of the negligence of DEFENDANTS in the following particulars:

A.    In that, when viewed objectively, at the time in question, the conduct of DEFENDANTS involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and in that WACKENHUT and FORREST had actual, subjective awareness of the risk involved, but, nevertheless, proceeded with conscious indifference to the rights, safety, or welfare of others.

Plaintiff's Original Petition - Page 10 of 12

B.     In the negligent application of disciplinary rules of employees.

C.     In the negligent implementation of prisoners discipline policy.

D.     In the negligent and improper use of security devises and/or cells or rooms.

E.     In negligently and improperly implementing and maintaining proper security procedure.

F.     In negligently not implementing immediate and effective response procedures in an emergency situation.

G.     In negligently failing to render aid.

H.     In the negligent dereliction of duty of the warden and correctional officers.

17.    Plaintiff has been damaged in all these respects in an amount within the jurisdictional limits of the court.

18.    Plaintiff has incurred and requests reasonable attorney's fees, expenses and costs pursuant to 42 U.S.C. § 1988.

WHEREFORE, PREMISES CONSIDERED, Plaintiff, RAFAEL MARTINEZ requests that Defendants, STATE OF TEXAS, DAVID FORREST and WACKENHUT CORRECTIONS CORPORATION be cited to appear and answer, and that on final trial Plaintiff have:

1.     Judgment against DEFENDANTS, jointly and severally, for the actual and special damages suffered by Plaintiff as a result of DEFENDANTS' conduct, in an amount within jurisdictional limits of the court.

2.     Costs of suit.

3.     Prejudgment and post-judgment interest as provided by law.

Plaintiff's Original Petition - Page 11 of 12

4      Such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

J. EDWARD MANN, JR. & ASSOCIATES

Jason R. Mann
State Bar No. 24004793
222 E. Van Buren, Suite 701
P. O. Box 231
Harlingen, Texas 78551-0231
Telephone: 956/428-4114
Facsimile: 956/428-9494
Attorney for Plaintiff

## REQUEST FOR JURY TRIAL

Pursuant to Rule 216 Texas Rules of Civil Procedure, this Defendant hereby requests a trial by jury and does hereby deposit with the Court the Jury Fee in the amount of $30.00 in accordance with Rule 216(b), T.R.C.P.

Jason R. Mann

# J. EDWARD MANN, JR. & ASSOCIATES
### ATTORNEYS AT LAW
Bank of America Tower
222 EAST VAN BUREN, SUITE 701
HARLINGEN, TEXAS 78550

J. EDWARD MANN JR.*

JASON R. MANN

*BOARD CERTIFIED
TAX LAW
ESTATE PLANNING AND PROBATE LAW
TEXAS BOARD OF LEGAL SPECIALIZATION

P. O. Box 231
HARLINGEN, TEXAS 78551-0231
TELEPHONE (956)428-4114
FAX (956)428-9494

August 3, 2000

## NOTICE OF CLAIM

## TEXAS TORT CLAIMS ACT

Texas Department of Criminal Justice
Wayne Scott, Executive Director
P.O. Box 99
Huntsville, TX 77342-0099

CMRRR # Z 446 024 378

Wackenhut Corrections Corporation
4200 Wackenhut Dr. Ste 100
Palm Beach Gardens, FL 33410

CMRRR # Z 446 024 379

The Prentice-Hall Corp. System Inc.
800 Brazos
Austin, TX 78701

CMRRR # Z 446 024 380

**Re:   Injury on March 27, 2000 to Rafael Martinez**

This letter is intended to put you on notice that pursuant to Tex.Civ.Prac. & Rem. Code Ann. § 101.101 (Vernon 1986), Rafael Martinez was injured due to the conduct of agents and employees of the State of Texas and the Wackenhut Corrections Corporation, Willacy County State Jail Facility, on March 27, 2000.

The injury took place at the Willacy County State Jail Facility on March 27, 2000 at approximately 2:00 p.m. The incident occurred due to the conduct of correctional officer Panky, two other correctional officers who's identities are unknown at this time, Warden David Forrest, Mr. Jorge Avila, the maintenance technician, and Armondo Dominguez, the maintenance supervisor. Specifically, Mr. Martinez was working with the repair crew that was called in to perform a plumbing repair, in a "lock down" room within Treatment 4. The room which contained the offenders was not designed for "lock down" purposes. The offenders in who were in the area on "lock down", were at the point of riot due to a lack of hot water. These offenders were allegedly members of a gang known as the "pisterleros", who are considered extremely dangerous. These offenders mistook Mr. Martinez for a rival gang member. They were not aware that he was not a member of a any gang. All correctional officers at the prison were aware that this alleged gang was at war with other alleged gangs in the prison, which is why they were on


PLAINTIFF'S
EXHIBIT
A

"lockdown". Knowing all of this, the above individuals forced Mr. Martinez to enter this area, despite his objections, while the repair crew attempted to fix the plumbing problem.

The above individuals failed to secure the tool box in compliance with Wackenhut's own policies. As a result of these aforementioned actions and correctional officers inattention to their duty, offenders contained in the "lock down" area escaped into the main area where Mr. Martinez was located. Rafael Martinez was attacked, assaulted and knocked to the floor by at least five violent offenders, beaten with the lock from the unsecured toolbox, as well as a laundry bag filled with hair grease cans and other items. Mr. Martinez was punched, kicked and hit with a chair as he lay in a fetal position on the floor of the "day room" of the treatment.

The correctional officers, instead of trying to intervene, fled the immediate area leaving Mr. Martinez in the area alone with his attackers and defenseless. The Conduct of the above-referenced individuals was egregious and therefore warrants punitive damages.

Finally, a distress call "Code Black" was made to summon riot officers, but they were summoned to the wrong area. Riot officers were summoned to Housing 4 instead of Treatment 4. Housing 4 is located on the opposite side of the compound from Treatment 4. All the while, the above individuals watched Mr. Martinez endure a beating for at least 5 minutes or more, doing nothing more than yelling at the offenders from a safe distance.

As a result of this incident, Mr. Martinez has suffered severe physical injuries that warranted immediately being transported by Raymondville Emergency Medical Services to Valley Baptist Medical Center. Specific injuries included multiple contusions to the left arm, right shoulder, posterior thorax, and lacerations to his scalp (totaling 14.5 cm), nose (4 cm), and left upper eyelid (4cm) for which staples and sutures were necessary. As a result of these injuries, Mr. Martinez has been subjected to months of pain, bruising, and continues to suffer from severe headaches due to the violent blows that he received. In addition, Mr. Martinez will have permanent scarring due to the lacerations in his scalp, face, nose and eyelid, and will experience some degree of permanent pain for the rest of this life. Mr. Martinez has experienced mental anguish from the events of that day which are replayed vividly in his mind causing loss of sleep and anxiety.

Rafael Martinez will claim damages in excess of $2,000,000.00 for injuries resulting from the conduct of employees and agents of the State of Texas and the Wackenhut Corrections Corporation, Willacy County State Jail Facility.

Sincerely,

Jason R. Mann

**The Prentice-Hall Corp. System Inc.**
800 Brazos
Austin, TX 78701

PS Form 3800, April 1995
US Postal Service
**Receipt for Certified Mail**
No Insurance Coverage Provided.
Do not use for International Mail (See reverse)

Z 446 024 380

PS Form 3811, July 1999                Domestic Return Receipt

X _____ ☐ Addressee
☐ Yes
☐ No

IAUG 0 9

2. Article Number (Copy from service label)
Z 446 024 380

---

**Texas Department of Cri...**
Wayne Scott, Executive Director
P.O. Box 99
Huntsville, TX 77342-0099

PS Form 3800, April 1995
US Postal Service
**Receipt for Certified Mail**
No Insurance Coverage Provided.
Do not use for International Mail (See reverse)

Z 446 024 379

PS Form 3811, July 1999                Domestic Return Receipt

2. Article Number (Copy from service label)
Z 446 024 378

---

**Wackenhut Corrections Corporation**
4200 Wackenhut Dr. Ste 100
Palm Beach Gardens, FL 33410

PS Form 3800, April 1995
US Postal Service
**Receipt for Certified Mail**
No Insurance Coverage Provided.
Do not use for International Mail (See reverse)

Z 446 024 378

PS Form 3811, July 1999                Domestic Return Receipt

2. Article Number (Copy from service label)
Z 446 024 379

16-2105 –CITATION–PERSONAL SERVICE–DISTRIC     COUNTY COURT (Revised 8/90) © Class 3-3          Hart Information Services, Inc —Austin, Texas

# CITATION

THE STATE OF TEXAS

To __The Prentice-Hall Corporation System, Inc., as Registered Agent for Wackenhut Correctic__

__Corporation, 800 Brazos, Austin, TX 78701__ _____  _____

_____

Defendant____, in the hereinafter styled and numbered cause: 01-266

    YOU ARE HEREBY COMMANDED to appear before the __197th_____ Court _____

of _____Willacy_____ County, Texas, to be held at the courthouse of said County in the City of

__Raymondville_____, _____Willacy_____ County, Texas, by filing a written answer to the

petition of plaintiff___ at or before 10 o'clock A.M. of the Monday next after the expiration of 20 days after the date of service hereof,

a copy of which accompanies this citation, in cause number __01-266_____, styled

_____

__Rafael Martinez_____, Plaintiff___,

vs. __State of Texas, David Forrest, and Wackenhut Corrections Corporation_____, Defendant___,

filed in said court on the __10__ day of __August_____, 20_01_.

    Plaintiff is represented by __J. Edward Mann, Jr._____, whose

address is __222 East Van Buren, Suite 701, Harlingen, TX 78550_____.
      street                                        city                        state                    zip code

    ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office, this the _____10th_____ day of

_____August_____, 20_01_

                              _____S.V. "Chago" Fonseca_____

__District_____ Clerk of __Willacy_____ County, Texas

                __546 W. Hidalgo, 2nd Floor_____
                Clerk's address
                __Raymondville, TX 78580_____

By _Theresa Garcia_____ Deputy.

## NOTICE

    You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

Reproduction of this form by any person or party is prohibited.

Case 1:01-cv-00155   Document 1   Filed in TXSD on 09/14/2001   Page 27 of 42

# CITATION

THE STATE OF TEXAS

To  David Forrest, Wackenhut Correctional Facility, Willacy County Unit

    1695 Buffalo Drive

    Raymondville, TX 78580

Defendant____, in the hereinafter styled and numbered cause: 01-266

    YOU ARE HEREBY COMMANDED to appear before the _____197th_____ Court _____

of _____Willacy_____ County, Texas, to be held at the courthouse of said County in the City of

_____Raymondville_____, _____Willacy_____ County, Texas, by filing a written answer to the

petition of plaintiff____ at or before 10 o'clock A.M. of the Monday next after the expiration of 20 days after the date of service hereof,

a copy of which accompanies this citation, in cause number _____01-266_____, styled

_____

_____Rafael Martinez_____, Plaintiff____,

vs. _____State of Texas, David Forrest, and Wackenhut Corrections Corporation_____, Defendant____,

filed in said court on the _____10th_____ day of _____August_____, 20 _01_.

    Plaintiff is represented by _____J. Edward Mann, Jr._____, whose

address is _222 East Van Buren, Suite 701, Harlingen, TX 78550_.
    street                city          state         zip code

    ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office, this the _____10th_____ day of

_____August_____, 20 _01_

                _____S.V. "Chago" Fonseca_____

                _District_ Clerk of _____Willacy_____ County, Texas

                _546 W. Hidalgo, 2nd Floor_
                Clerk's address
                Raymondville, TX 78580

                By _____Theresa Garcia_____ Deputy.

## NOTICE

    You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

Reproduction of this form by any person or party is prohibited.



CAUSE NO. 01-266

| RAFAEL MARTINEZ | § | IN THE DISTRICT COURT |
| | § | |
| | § | WILLACY COUNTY, TEXAS |
| | § | |
| V. | § | |
| | § | |
| | § | |
| STATE OF TEXAS, DAVID FORREST, | § | |
| and WACKENHUT CORRECTIONS | § | |
| CORPORATION | § | 197th   JUDICIAL DISTRICT |

## DEFENDANT FORREST AND WACKENHUT CORRECTIONS CORPORATION'S ORIGINAL ANSWER AND JURY DEMAND

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME Defendants David Forrest ("Forrest") and Wackenhut Corrections Corporation

("WCC") in the above entitled and  numbered cause reserving their right to file other pleadings,

exceptions and denials, files this their Original Answer and Jury demand to the claims of Plaintiff.

In support thereof, Defendants would show the Court as follows:

### ANSWER

1.      Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendants Forrest and

WCC invoke their right to generally deny each and every allegation contained in Plaintiff's Original

Petition and upon this denial demand that Plaintiff be required to meet his burden of proof on all

allegations through evidence at trial.

2.      Defendants Forrest and WCC would show that if Plaintiff's damages occurred as

alleged, which are denied, then the damages are directly and proximately caused by the acts and/or

omissions of individuals, including Plaintiff, and third parties for whom Defendants Forrest and

WCC are not responsible and such acts were the sole cause, proximate cause, producing cause,

and/or new and independent cause of the alleged damages of Plaintiff, if any.

SEP 1 0 2001
10.35

Fonseca, Dist. Clerk, Willacy Co
Dept

3.      Defendant WCC states that Plaintiff has failed to state a cause of action against it pursuant to 42 U.S.C. § 1983.

4.      Defendant Forrest states that *respondeat superior* does not provide a basis for liability against him pursuant to 42 U.S.C. § 1983.

5.      Defendants Forrest and WCC state that Plaintiff's amount of recovery, if any, may be barred or limited by theories of comparative responsibility, contributory, negligence, and/or failure to mitigate.

6.      Defendant Forrest states that all actions, if any, that were taken by him were taken in good faith, and within the scope of his duties, and are thus protected under the doctrine of official immunity and he hereby claims his entitlement to this affirmative defense as to all state claims brought against him.

7.      Defendant WCC states that all actions that were taken by its employees were taken good faith, and within the scope of their duties, and are thus protected under the doctrine of official immunity, and they hereby claim their entitlement to this affirmative defense to any and all state claims asserted against WCC for the acts of its employees.

8.      Defendants Forrest and WCC reserve the right to assert additional affirmative defenses.

## JURY DEMAND

Defendants respectfully requests a trial by jury in the foregoing cause of action.

Respectfully submitted,

**PORTER, ROGERS, DAHLMAN & GORDON, P.C.**
One Shoreline Plaza, Suite 800
800 North Shoreline Boulevard (78401)
P. O. Box 2968
Corpus Christi, Texas  78403-2968
Telephone:  (361) 880-5835
Facsimile:  (361) 880-5844

By: _____
Linda M. Kearney, Attorney in Charge
State Bar No. 00787811

**ATTORNEYS FOR DEFENDANT, DAVID
FORREST AND WACKENHUT CORRECTIONS
CORPORATION**

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing instrument was served upon the attorneys of record of all parties to the above cause in accordance with Rule 21a, Tex. R.Civ. P., on this 7ᵗʰ day of _September_ , 2001.

Jason R. Mann
222 East Van Buren, Suite 701
Harlingen, Texas 78551-0231
Telecopier: (956) 428-9494

*__VIA FACSIMILE & CERTIFIED MAIL/RRR__*

Linda M. Kearney

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION



RAFAEL MARTINEZ §
§
§
§
V. § CIVIL ACTION NO. _01 -266_
§
§
STATE OF TEXAS, DAVID FORREST,§
and WACKENHUT CORRECTIONS §
CORPORATION §

## DEFENDANTS FORREST AND WACKENHUT CORRECTIONS CORPORATION'S CERTIFICATE OF NOTICE OF FILING

The undersigned attorneys of record for Defendants, David Forrest and Wackenhut Corrections Corporation, certified that on September _12_, 2001, a copy of the Notice of Removal of this case was filed with the Willacy County District Clerk in the 197th Judicial District Court in and for Willacy County, Texas, and that written notice of the filing of the Notice of Removal was mailed to the Plaintiff through his attorney of record by certified mail, return receipt requested. Attached to the notice was a copy of the Notice of Removal filed in this Court. Removal of this action is effective as of that date pursuant to 28 U.S.C. § 1446.



SEP 13 2001

Clark, Willacy Co.
Deputy

Respectfully submitted,

**PORTER, ROGERS, DAHLMAN & GORDON, P.C.**
One Shoreline Plaza, Suite 800
800 North Shoreline Boulevard (78401)
P. O. Box 2968
Corpus Christi, Texas  78403-2968
Telephone:  (361) 880-5835
Facsimile:  (361) 880-5844

By: _____
    Linda M. Kearney, Attorney in Charge
    State Bar No. 00787811
    Federal ID No. 18425

**ATTORNEYS FOR DEFENDANTS DAVID
FORREST AND WACKENHUT CORRECTIONS
CORPORATION**

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing instrument was served upon the attorneys of record of all parties to the above cause in accordance with Rule 21a, Tex. R.Civ. P., on this 12 day of Sept . , 2001.

Jason R. Mann
222 East Van Buren, Suite 701
Harlingen, Texas 78551-0231
Telecopier: (956) 428-9494

**_CERTIFIED MAIL/RRR_**

Linda M. Kearney

CAUSE NO. 01-266

| | | |
|---|---|---|
| RAFAEL MARTINEZ | § | IN THE DISTRICT COURT |
| | § | |
| | § | WILLACY COUNTY, TEXAS |
| | § | |
| V. | § | |
| | § | |
| | § | |
| STATE OF TEXAS, DAVID FORREST, | § | |
| and WACKENHUT CORRECTIONS | § | |
| CORPORATION | § | 197th  JUDICIAL DISTRICT |

**COP**

## NOTICE OF REMOVAL TO FEDERAL COURT

TO:   District Clerk, 197th Judicial District, Willacy County, Texas, Willacy County
Courthouse, Raymondville, Texas; and Rafael Martinez, by and through his attorney of
record, Jason R. Mann, 222 East Van Buren, Suite 701, Harlingen, Texas 78551-0231

YOU ARE HEREBY NOTIFIED that the Defendants, David Forrest and Wackenhut

Corrections Corporation, has filed a Notice of Removal with the Clerk of the United States

District Court for the Southern District of Texas, Brownsville Division.  A true and correct copy

of the Notice of Removal is attached hereto as Exhibit "A."

Dated: September 12, 2001.

Respectfully submitted,

**PORTER, ROGERS, DAHLMAN & GORDON, P.C.**
One Shoreline Plaza, Suite 800
800 North Shoreline Boulevard (78401)
P. O. Box 2968
Corpus Christi, Texas  78403-2968
Telephone:  (361) 880-5835
Facsimile:  (361) 880-5844

By: _____
Linda M. Kearney, Attorney in Charge
State Bar No. 00787811

**ATTORNEYS FOR DEFENDANTS DAVID
FORREST AND WACKENHUT CORRECTIONS
CORPORATION**



F I L E D

SEP 1 3 2001
6:15

S.V. _____ Dist. Clerk, Willacy Co.
By _____ Deputy

UNITED STATED DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION



| | | |
|---|---|---|
| RAFAEL MARTINEZ | § | |
| | § | |
| | § | |
| | § | |
| V. | § | CIVIL ACTION NO. _____ |
| | § | |
| | § | |
| STATE OF TEXAS, DAVID FORREST, | § | |
| and WACKENHUT CORRECTIONS | § | |
| CORPORATION | § | |

## NOTICE OF REMOVAL

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN
DISTRICT OF TEXAS, BROWNSVILLE DIVISION:

PLEASE TAKE NOTICE that Defendants David Forrest and Wackenhut Corrections

Corporation ("Forrest and WCC") hereby remove to this Court the state court action

described below. In support thereof, Forrest and WCC would respectfully show this Court

as follows:

## I. BACKGROUND

1.     On August 10, 2001, an action was commenced in the 197th Judicial District

Court in and for Willacy County, Texas, entitled *Rafael Martinez v. State of Texas, David*

*Forrest and Wackenhut Corrections Corporation*, as cause number 01-266.

2.     The first date upon which the Defendant received notice of Plaintiffs' Original

Petition was August 15, 2001, when Defendants WCC and Defendant Forrest received

service of process of Plaintiff's Original Petition. Defendant WCC received notice through

its registered agent for service of process.

```
┌─────────────────────┐
│     EXHIBIT          │
│                      │
│  ___A___             │
└─────────────────────┘
```

3.      Defendants Forrest and WCC filed their Original Answer on September 10, 2001.

4.      No other proceedings have been held or documents filed in the state court action. Less than one (1) year has passed since this lawsuit was originally filed. This notice of removal is filed with this Court within thirty (30) days after Defendants Forrest and WCC received notice of Plaintiff's Original Petition. Therefore, this removal is timely pursuant to 28 U.S.C. § 1446(b). Written notice of the filing of this Notice of Removal is being given to all parties who have appeared pursuant to the Certificate of Service attached.

## II.  GROUNDS FOR REMOVAL

5.      WCC is a Florida corporation which is under contract with the Texas Department of Criminal Justice to operate the Willacy State Jail in Raymondville, Texas. The jail is operated under the policies and procedures of the Texas Department of Criminal Justice. Defendant Forrest is the Senior Warden at the Willacy State Jail.

6.      At all times relevant to the allegations in Plaintiff's Original Petition, the Plaintiff was a convicted felon confined in the Willacy State Jail. Plaintiff alleges that on March 27, 2000, he was working with a repair crew at the Willacy State Jail and was called to perform a plumbing repair in a contained area where other inmates were being held in a "lock down." Plaintiff claims that prior to entering the area he asked his supervisor, as well as Defendant Forrest, if he could stay behind and his request was allegedly denied. Thereafter, Plaintiff claims he was attacked by several of the inmates in the "lock down"

area. Plaintiff further claims that insufficient intervention was attempted by the employees of WCC and there was a delay in transporting him for medical care.

7.     Plaintiff claims he sustained injuries as a result of Defendant Forrest and WCC's negligence and further, that Defendants Forrest and WCC are liable pursuant to 42 U.S.C. § 1983. Plaintiff alleges Defendants Forrest and WCC violated his 8th Amendment Rights by subjecting him to cruel and unusual punishment and further that they violated his 14th Amendment Due Process Rights and 6th Amendment Rights by allegedly interfering with the assistance of his counsel.

8.     Since Plaintiff alleged Defendants Forrest and WCC are liable pursuant to 42 U.S.C. § 1983 for violating his constitutional rights, this Court has jurisdiction over this civil action under 28 U.S.C. §§ 1331 and 28 U.S.C. § 1343(3). Defendants WCC and Forrest may remove this action to federal court pursuant to 28 U.S.C. § 1441(b) which provides in part:

> Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the constitution...or laws if the United States shall be removable without regard to the citizenship or residence of the parties.

9.     A federal district has original jurisdiction over claims brought pursuant to 42 U.S.C. § 1983 by virtue of 28 U.S.C. § 1343(3). *See also  Lynch v. Household Finance Corp.,* 405 U.S. 538, 543 n. 7, 92 S.Ct. 1113, 31 L. Ed. 2d 424, (1972). Title 28 U.S.C. § 1343(3) states in pertinent part:

> (a) the district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person: . . .
> (3) To redress the deprivation, under color of any state law, statute, ordinance, regulation, custom or usage, of any right,

> privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States; . . .

10.     Despite the fact the Plaintiff also sued the State of Texas, which claims are barred by the Eleventh Amendment, the Supreme Court has held that such a case is still properly removable to federal court and that the court can decide the non-barred claims. *Wisconsin Department of Corrections v. Schacht,* 118 S.Ct. 2047, 2050 (1998).

11.     In light of the foregoing Defendants Forrest and WCC hereby file this Notice of Removal.

WHEREFORE, PREMISES CONSIDERED, Defendants, David Forrest and Wackenhut Corrections Corporation, pray that any further proceedings in this lawsuit in the 197th Judicial District Court in and for Willacy County, Texas, be discontinued and that this suit be removed to the United States District Court for the Southern District of Texas, Brownsville Division.

Respectfully submitted,

**PORTER, ROGERS, DAHLMAN & GORDON, P.C.**
One Shoreline Plaza, Suite 800
800 North Shoreline Boulevard (78401)
P. O. Box 2968
Corpus Christi, Texas 78403-2968
Telephone: (361) 880-5835
Facsimile: (361) 880-5844

By: _____
Linda M. Kearney, Attorney in Charge
State Bar No. 00787811
Federal ID No. 18425

**ATTORNEYS FOR DEFENDANTS DAVID
FORREST AND WACKENHUT CORRECTIONS
CORPORATION**

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing instrument was served upon the attorneys of record of all parties to the above cause in accordance with Rule 21a, Tex. R.Civ. P., on this 12th day of _Sept._, 2001.

Jason R. Mann                                                    ***CERTIFIED MAIL/RRR***
222 East Van Buren, Suite 701
Harlingen, Texas 78551-0231
Telecopier: (956) 428-9494

Linda M. Kearney

Notice of Removal - Page 6

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing instrument was served upon the attorneys of record of all parties to the above cause in accordance with Rule 21a, Tex. R.Civ. P., on this 12 day of ___Sept___, 2001.

Jason R. Mann
222 East Van Buren, Suite 701
Harlingen, Texas 78551-0231
Telecopier: (956) 428-9494

***CERTIFIED MAIL/RRR***

Linda M. Kearney

S:\Wackenhut Corporation\Martinez, Rafael\Documents\Notice-FC.wpd