IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

FEB 0 8 2002

Michael N. Milby
Clerk of Court

| | |
|---|---|
| RAFAEL MARTINEZ, § | |
| Plaintiff, § | |
| § | |
| v. § | |
| § | Civil Action No. 01-cv-155 |
| THE STATE OF TEXAS, § | |
| DAVID FORREST, and § | |
| WACKENHUT CORRECTIONS § | |
| CORPORATION, § | |
| Defendants. § | |

## DEFENDANT THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE'S AMENDED ANSWER AND JURY DEMAND

TO THE HONORABLE JUDGE OF THE DISTRICT COURT:

NOW COMES Defendant the Texas Department of Criminal Justice, by and through counsel, the Attorney General for the State of Texas, and submits this Amended Answer and Jury Demand. In support thereof, Defendant the Texas Department of Criminal Justice respectfully offers the following:

### I.

### ANSWER

1. Pursuant to Federal Rule of Civil Procedure 8(b), Defendant the Texas Department of Criminal Justice denies each and every allegation contained in the Plaintiff's Petition, except those expressly admitted herein.

2. Defendant admits that the Texas Department of Criminal Justice (TDCJ), is an agency of the State of Texas.

3. Defendant TDCJ admits that at all times relevant to this suit the Plaintiff was inmate confined in the custody of the Wackenhut Corrections Facility.

4. Defendant TDCJ admits that causes of action may be stated under certain circumstances pursuant to 42 U.S.C. § 1983 but deny that such circumstances are present in this case.

5. Defendant TDCJ asserts that any claim premised upon the law of negligence will not support a claim of constitutional dimension under 42 U.S.C. § 1983.

6. The Plaintiff has sued a state agency, which in actuality is a suit solely against the State. Absent express legislative or statutory authorization, which is wholly lacking in this case, neither the State of Texas nor any of its agencies is subject to suit or liability under state law.

7. Defendant TDCJ hereby claims its entitlement to Eleventh Amendment Immunity and Sovereign Immunity.

8. Defendant TDCJ asserts that the Plaintiff's amount of recovery, if any, may be barred or limited by state law theories of comparative responsibility and/or contribution. Therefore, Defendant TDCJ asserts entitlement to the affirmative defenses of contributory and comparative negligence, illegality, assumption of the risk, and estoppel for any negligence claims asserted and any other state claims to which these defenses apply.

9. Defendant TDCJ asserts that liability for claims brought pursuant to §101.001, *et seq.*, of the Texas Civil Practice and Remedies Code is limited by §101.023 and hereby asserts the limit as set forth therein.

10. The waiver of sovereign immunity effectuated by the Texas Tort Claims Act is specific and limited in scope. Section 101.021 of that Act provides in pertinent part that a government unit may be held liable for "personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law." TEX. CIV. PRAC. & REM. CODE §101.021 (Vernon 1990). See also TEX. CIV. PRAC & REM. CODE §101.025(a)(Vernon 1990)

("Sovereign immunity to suit is waived and abolished to the extent of liability created by this chapter).

11. As Plaintiff was an inmate at the time of the alleged events giving rise to this lawsuit, Plaintiff fails to plead facts which would overcome Defendant TDCJ's entitlement to sovereign immunity. TEX. CIV. PRAC. & REM. CODE §101.029(b).

## III.

## DEFENDANT TDCJ'S JURY DEMAND

Should trial be necessary in the foregoing cause of action, Defendant TDCJ respectfully demands a trial by jury.

## IV.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant TDCJ urges this Court to deny the Plaintiff any and all relief demanded in his petition and to grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

JOHN CORNYN
Attorney General of Texas

HOWARD G. BALDWIN, JR.
First Assistant Attorney General

MICHAEL T. MCCAUL
Deputy Attorney General for Criminal Justice

PHILLIP E. MARRUS
Assistant Attorney General
Chief, Law Enforcement Defense Division

*signature*
CARLOS D. LOPEZ
Assistant Attorney General
Attorney-In-Charge
State Bar No. 24007566
Southern District No. 26740

P. O. Box 12548, Capitol Station
Austin, Texas 78711
(512) 463-2080
Fax No. (512) 495-9139

ATTORNEYS FOR DEFENDANT THE
TEXAS DEPARTMENT OF CRIMINAL JUSTICE

## CERTIFICATE OF SERVICE

I, CARLOS D. LOPEZ, Assistant Attorney General of Texas, do hereby certify that a true and correct copy of the above and foregoing **Defendant the Texas Department of Criminal Justice's Amended Answer and Jury Demand** has been served by placing same in the United States Mail Certified Mail, Return Receipt Requested, postage prepaid, on this 5th day of February, 2002, addressed to:

| | |
|---|---|
| Jason R. Mann<br>J. Edward Mann, Jr. & Associates<br>Attorneys at Law<br>222 East Van Buren, Ste. 701<br>Harlingen, Texas 78550<br>ATTORNEY FOR PLAINTIFF | VIA CM/RRR NO. 7001 0320 0001 1855 6955 |

and

| | |
|---|---|
| Linda M. Kearney<br>Porter, Rogers, Dahlman & Gordon<br>one Shoreline Plaza<br>800 N. Shoreline, Suite 800<br>Corpus Christi, Texas 78401-3708<br>ATTORNEY FOR FORREST AND WCC | VIA CM/RRR NO. NO. 7001 0320 0001 1855 6948 |

*signature*
CARLOS D. LOPEZ
Assistant Attorney General