7

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

United States District Court
Southern District of Texas
FILED

FEB 1 4 2002

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| **RAFAEL MARTINEZ** | § | |
| | § | |
| **V.** | § | **CIVIL ACTION NO. B-01-155** |
| | § | |
| **STATE OF TEXAS, DAVID FORREST,** | § | |
| **and WACKENHUT CORRECTIONS** | § | |
| **CORPORATION** | § | |

---

**JOINT DISCOVERY/CASE MANAGEMENT PLAN**
**UNDER RULE 26(F)**
**FEDERAL RULES OF CIVIL PROCEDURE**

---

1. **State where and when the meeting of the parties required by Rule 26(f) was held, and identify the counsel who attended for each party.**

   The meeting was held telephonically on February 7, 2002, at 12:30 p.m. and initiated by Plaintiff's attorney Jason R. Mann. In attendance were attorneys Linda Kearney, attorney for Wackenhut Corrections Corporation and David Forrest, and Carlos D. Lopez, Assistant Attorney General, Attorney in Charge for the State of Texas.

2. **List the cases related to this one that are pending in any state or federal court, with the case number and court.**

   None

3. **Specify the allegation of federal jurisdiction.**

   A federal district has original jurisdiction over claims brought pursuant to 42 U.S.C. §1983 by virtue of 28 U.S.C. § 1343(3). *See also Lynch v. Household Finance Corp.,* 405 U.S. 538, 543 n. 7, 92 S.Ct.1113, 31 L. Ed 2d 424, (1972). Additionally, Defendant claims that this case is barred from state court by the Eleventh Amendment, and that the Supreme Court has held that such a case involving the State of Texas is properly removable to federal court and that the court can decide the non-barred claims. *Wisconsin Department of Corrections v. Schacht,* 118 S.Ct. 2047, 2050 (1998).

4. **Name the parties who disagree and the reasons.**

   Defendant, Texas Department of Criminal Justice, maintains that it is not a proper

party to this suit and therefore should not be subject to the burdens of discovery.

5.    **List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

James Pankey

6.    **List anticipated interventions.**

None at this time.

7.    **Describe class-action issues.**

None.

8.    **State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.**

Disclosures of Interested Parties have been submitted by Defendants, Wackenhut Corrections Corporation and David Forrest, and by Plaintiff, Rafael Martinez.

Plaintiff will make initial disclosures by the 8th day of March, 2002.

Defendants will make initial disclosures on the 8th day of March, 2002.

The parties propose that the content of the initial disclosures will provide:

Individuals with discoverable information, Non-privileged documents related to computation of damages, relevant documents and tangible things, any applicable insurance agreements, stipulation of parties.

Plaintiff will make his expert disclosures by the 10th day of November, 2002.

Defendants will make their expert disclosures by the 10th day of December, 2002.

9.    **Describe the proposed agreed discovery plan, including:**

a.    **Responses to all matters raised in Rule 26(f).**

The parties will make initial disclosures by March 8, 2002.  Discovery will be needed regarding the facts surrounding the incident at issue and the nature and extent of the Plaintiff's physical injuries and damages.

b.    **When and to whom the Plaintiff anticipates it may send interrogatories.**

Plaintiff will submit interrogatories to Defendants prior to September 20, 2002.

**c.    When and to whom the Defendant anticipates it may send interrogatories.**

Defendant anticipates sending interrogatories to Plaintiff prior to September 20, 2002.

**d.    Of whom and by when the Plaintiff anticipates taking oral depositions.**

Plaintiff anticipates taking the oral depositions of fact witnesses, Defendants and any Experts designated by Defendants.

**e.    Of whom and by when the Defendant anticipates taking oral depositions.**

Defendant anticipates taking the oral depositions of Plaintiff, fact witnesses, and any Experts designated by Plaintiff.

**f.    List expert depositions the Plaintiff anticipates taking and their anticipated completion date.  See Rule 26(a)(2)(B) (expert report).**

Plaintiff anticipates taking the depositions of any Experts designated by Defendants.

**10.    If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

Defendant, Texas Department of Criminal Justice, maintains that it is not a proper party to this suit and therefore should not be subject to the burdens of discovery.

**11.    Specify the discovery beyond initial disclosures that has been undertaken to date.**

None

**12.    State the date the planned discovery can reasonably be completed.**

Written discovery can reasonably be completed by December 15, 2002.

Depositions can be completed by 15 days before trial.

**13.    Describe the possibilities for a prompt settlement or resolution of the case**

**that were discussed in your Rule 26(f) meeting.**

Plaintiff has submitted pre-suit settlement offers with limited response from Defendants. Parties foresee further attempts to resolve this matter by settlement.

14. **Describe what each party has done or agreed to do to bring about a prompt resolution.**

Parties have submitted offers of settlement and have agreed to Mediate this matter by October 30, 2002.

15. **From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable.**

Parties agree that Mediation is suitable to resolve this matter.

16. **Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.**

Parties agree on a jury trial before a magistrate judge.

17. **State whether a jury demand has been made and if it was made on time.**

A timely jury demand has been made.

18. **Specify the number of hours it will take to present the evidence in this case.**

Estimated time to present the evidence in this case is 4 to 5 days.

19. **List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

No pending motions.

20. **List other motions pending.**

No pending motions.

21. **Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.**

None.

Case 1:01-cv-00155   Document 7   Filed in TXSD on 02/14/2002   Page 5 of 8

22. **List the names, bar numbers, addresses, and telephone numbers of all counsel.**

   J. EDWARD MANN, JR. & ASSOCIATES
   Jason R. Mann
   State Bar No. 24004793
   Federal Bar No.23543
   222 E. Van Buren, Suite 701
   P. O. Box 231
   Harlingen, Texas 78551-0231
   Telephone: 956/428-4114
   Facsimile: 956/428-9494
   Attorney in Charge
   for Plaintiff, Rafael Martinez

   Carlos D. Lopez
   Assistant Attorney General
   State Bar No. 24007566
   P.O. Box 12548, Capitol Station
   Austin, Texas 78711
   Telephone: 512-463-2080
   Facsimile:    512-495-9139
   Attorney-in-Charge for Defendant,
   The Texas Department of Criminal Justice

   Linda M. Kearney
   Porter, Rogers, Dahlman & Gordon, P.C.
   One Shoreline Plaza, Suite 800
   800 North Shoreline Boulevard
   Corpus Christi, Texas 78401
   Telephone: 361-880-5835
   Facsimile: 361-880-5844

APPROVED:

Carlos D. Lopez
Assistant Attorney General
Attorney in Charge for Defendant,
The Texas Department of Criminal Justice

Case 1:01-cv-00155   Document 7   Filed in TXSD on 02/14/2002   Page 6 of 8

Linda M. Kearney
Porter, Rogers, Dahlman & Gordon, P.C.
Attorney in Charge for Defendants,
Wackenhut Corrections Corporation
and David Forrest

                        Respectfully submitted,

                        J. EDWARD MANN, JR. & ASSOCIATES


                        _____
                        Jason R. Mann
                        State Bar No. 24004793
                        Federal Bar No. 23543
                        222 E. Van Buren, Suite 701
                        P. O. Box 231
                        Harlingen, Texas 78551-0231
                        Telephone: 956/428-4114
                        Facsimile: 956/428-9494
                        Attorney in Charge for
                        Plaintiff, Rafael Martinez

Linda M. Kearney
Porter, Rogers, Dahlman & Gordon, P.C.
Attorney in Charge for Defendants,
Wackenhut Corrections Corporation
and David Forrest

Respectfully submitted,

*J. EDWARD MANN, JR. & ASSOCIATES*

Jason R. Mann
State Bar No. 24004793
Federal Bar No. 23543
222 E. Van Buren, Suite 701
P. O. Box 231
Harlingen, Texas 78551-0231
Telephone: 956/428-4114
Facsimile: 956/428-9494
Attorney in Charge for
Plaintiff, Rafael Martinez

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this instrument has been forwarded to all parties and counsel of record on this the 14th day of February, 2002.

Carlos D. Lopez
Assistant Attorney General
State Bar No. 24007566
P.O. Box 12548, Capitol Station
Austin, Texas 78711
Attorney-In-Charge for Defendant,
The Texas Department of Criminal Justice

Linda M. Kearney
Porter, Rogers, Dahlman & Gordon, P.C.
One Shoreline Plaza, Suite 800
800 North Shoreline Boulevard (78401)
P.O. Box 2968
Corpus Christi, Texas 78403-2968
Attorney in Charge for Defendants,
Wackenhut Corrections Corporation
and David Forrest

Jason R. Mann