IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

AUG 2 6 2002

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| *RAFAEL MARTINEZ,* | § | |
| Plaintiff, | § | |
| | § | |
| *v.* | § | |
| | § | Civil Action No. 01-cv-155 |
| *THE STATE OF TEXAS,* | § | |
| *DAVID FORREST, and* | § | |
| *WACKENHUT CORRECTIONS* | § | |
| *CORPORATION,* | § | |
| Defendants. | § | |

**DEFENDANT THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE'S
MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**

TO THE HONORABLE JUDGE BLACK:

COMES NOW Defendant The Texas Department of Criminal Justice, by and through counsel, the Office of the Attorney General for the State of Texas, and files this Motion to Dismiss for Lack of Subject Matter Jurisdiction. In furtherance thereof, Defendant The Texas Department of Criminal Justice ("TDCJ") respectfully offers the following:

**I.**

**STATEMENT OF THE CASE**

Plaintiff Rafael Martinez was formerly incarcerated in a Wackenhut Corrections Corporation private prison facility in Raymondville, Texas. Plaintiff filed this lawsuit pursuant to Title 42 U.S.C. § 1983 asserting the violation of his constitutional rights stemming from an alleged assault at the hands of other prisoners. Plaintiff sues Wackenhut Corrections Corporation, Wackenhut employees, and TDCJ. By this suit, Plaintiff seeks money damages and costs of suit.

Defendant TDCJ has answered asserting that this case is jurisdictionally barred by the Eleventh Amendment. Accordingly, Defendant TDCJ moves for dismissal as a matter of law.

## II.

## MOTION TO DISMISS

Defendant TDCJ now moves to dismiss this case for want of subject matter jurisdiction pursuant to FED. R. CIV. P. 12(b)(1). Plaintiff purports to sue TDCJ, a state agency, for the alleged negligent contracting of Wackenhut, and negligence in overseeing the facility.[1] In the absence of a statutory waiver of immunity or consent by the State of Texas, the claim asserted against TDCJ is jurisdictionally barred by the Eleventh Amendment.

The Eleventh Amendment generally provides immunity to a state against suits in federal court, by a citizen of the state, against the state or a state agency. *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 97-99, 104 S.Ct. 900, 906-07 (1984). It is, therefore, an explicit jurisdictional limitation on the judicial power of the federal courts. *Pennhurst*, 465 U.S. at 119-21, 104 S.Ct. at 918-19. The Eleventh Amendment and the principle of Sovereign Immunity, its derivation, dictate that each State is a sovereign entity not amenable to suit by citizens in the absence of the State's consent. *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54, 116 S. Ct. 1114, 1122 (1996) (it is inherent in the nature of sovereignty not to be amenable to the suit of an individual without its consent); citing *Hans v. Louisiana*, 134 U.S. 1, 10 S. Ct. 504 (1890).

Because the TDCJ's sovereign immunity has not been waived in this case, the Court lacks subject matter jurisdiction and the claims should be dismissed pursuant to FED. R. CIV. P. 12(b)(1).

---

[1] See Plaintiff's First Amended Original Complaint, p. 9, at ¶ 21.

## III.

## PRAYER

WHEREFORE PREMISES, CONSIDERED, Defendant TDCJ submits this Motion to Dismiss for Lack of Subject Matter Jurisdiction and requests this case be dismissed as a matter of law.

Respectfully submitted,

JOHN CORNYN
Attorney General of Texas

HOWARD G. BALDWIN, JR.
First Assistant Attorney General

MICHAEL T. MCCAUL
Deputy Attorney General for Criminal Justice

PHILLIP E. MARRUS
Assistant Attorney General
Chief, Law Enforcement Defense Division

CARLOS D. LOPEZ
Assistant Attorney General
Attorney-In-Charge
State Bar No. 24007566
Southern District No. 26740

P. O. Box 12548, Capitol Station
Austin, Texas  78711
(512) 463-2080
Fax No. (512) 495-9139

**ATTORNEYS FOR DEFENDANT TEXAS
DEPARTMENT OF CRIMINAL JUSTICE**

3

## CERTIFICATE OF SERVICE

I, CARLOS D. LOPEZ, Assistant Attorney General of Texas, do hereby certify that a true and

correct copy of the above and foregoing **Defendant The Texas Department of Criminal Justice's**

**Motion to Dismiss for Lack of Subject Matter Jurisdiction** has been served by Facsimile and placing

same in the United States Mail on this 21st day of August, 2002, addressed to:

Jason R. Mann        VIA CM/RRR NO. **7001 0360 0001 0854 2027**
J. Edward Mann, Jr. & Associates
Attorneys at Law
222 East Van Buren, Ste. 701
Harlingen, Texas 78550
*Counsel for Plaintiff*

and

Linda M. Kearney        VIA CM/RRR NO. NO. **7001 0360 0001 0854 2034**
Porter, Rogers, Dahlman & Gordon
one Shoreline Plaza
800 N. Shoreline, Suite 800
Corpus Christi, Texas 78401-3708
*Counsel for Defendant Wackenhut*

CARLOS D. LOPEZ
Assistant Attorney General

4

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

| | | |
|---|---|---|
| *RAFAEL MARTINEZ,* | § | |
| Plaintiff, | § | |
| | § | |
| *v.* | § | |
| | § | **Civil Action No. 01-cv-155** |
| *THE STATE OF TEXAS,* | § | |
| *DAVID FORREST, and* | § | |
| *WACKENHUT CORRECTIONS* | § | |
| *CORPORATION,* | § | |
| Defendants. | § | |

### ORDER

Be it remembered that on this day, came on to be heard **Defendant The Texas Department of Criminal Justice's Motion to Dismiss for Lack of Subject Matter Jurisdiction**.  The Court, after considering the pleadings of the parties filed herein, is of the opinion that the following orders should issue:

It is hereby, **ORDERED** that said Motion to Dismiss for Lack of Subject Matter Jurisdiction be **GRANTED** pursuant to Federal Rule of Civil Procedure 12(b)(1).

It is **ORDERED** that all claims asserted by Plaintiff Rafael Martinez against Defendant TDCJ be **DISMISSED WITH PREJUDICE.**

SIGNED this _____ day of _____, 2002.

_____
JUDGE PRESIDING